**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BOARD OF TRUSTEES, LABORERS' LOCAL NO 35**
**PENSION FUND and BOARD OF TRUSTEES, LABORERS'**
**LOCAL NO. 35 DEFINED CONTRIBUTION FUND,**
**and BOARD OF TRUSTEES, LABORERS' LOCAL NO. 35**                    **6:04-CV-1450**
**HEALTH CARE FUND, and BOARD OF TRUSTEES,**                        **(NAM/GJD)**
**LABORERS' LOCAL NO. 35, TRAINING AND EDUCATION**
**FUND, and LOCAL UNION NO. 35, LABORERS'**
**INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,**

                                             **Plaintiffs**

**-against-**

**GRATES BUILDING ENTERPRISES, INC., and VITA M.**
**GRATES, and GREGG G. GRATES,**

                                             **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

Edward F. Crumb, Esq.
_Attorney for Plaintiffs_
P.O. Box 1393
Binghamton, New York 13902-1393

FINER & GIRUZZ-MOSCA                      Stuart E. Finer. Esq.
Attorneys for Defendants
2615 Genesee Street
Utica, New York 13501

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.       INTRODUCTION**

        Plaintiffs, comprised of a multi-employer trust fund, various benefit funds of Laborers'

Local 35 and the union itself, have filed a complaint alleging that the defendant employer and its

officers, violated sections 404, 406, and 515 of the Employee Retirement Income Security Act of

1974 ("ERISA"), as amended, 29 U.S.C. §§ 1104, 1106, and 1145 and 1145, and section 301(a)

of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), by failing to

timely remit fringe benefit contributions and deductions to plaintiffs from August 2003 through

December 2004.  Plaintiffs move to dismiss two counterclaims and six affirmative defenses

asserted by defendants in their responsive pleading pursuant to Rule 12(b)(1) and (6) of the Fed.

R. Civ. P..  In the alternative to dismissal of defendants' second counterclaim, plaintiffs seek a

more definite statement of the facts and circumstances upon which it is based.  Plaintiffs also

move for summary judgment pursuant to Rule 56 of the Fed. Civ. P. and seek an award of

delinquent fringe benefit contributions, deductions, interest, liquidated damages, costs and

disbursements, and attorneys' fees and costs.

## II.     FACTS

According to the complaint and plaintiffs' motion papers, defendant Grates Building

Enterprises, Inc., is party to a collective bargaining agreement with plaintiff Laborers'

International Union of North America, Local Union No. 35 ("Agreement").  The Agreement

obligates defendants to remit fringe benefit contributions and deductions to plaintiffs for all hours

worked by employees who are covered by the Agreement, i.e., performing bargaining unit work.

Plaintiffs allege that defendants Vita Grates and Gregg Grates are the owners and officers of the

company and controlled its affairs.

In accordance with the Agreement, the defendant employer is obligated to make payment

of contributions owed to the plaintiff Board of Trustees of the Pension Fund, the plaintiff Board

of Trustees of the Defined Contribution Fund (sometimes referred to as the "Annuity" Fund in the

Agreement), plaintiff Board of Trustees of the Health Care Fund, and plaintiff Board of Trustees

of the Training Fund on or before the 15th day following the month in which covered construction laborer work is performed.  In accordance with the Agreement, the defendant employer is obligated to submit monthly reports listing the names, Social Security numbers, hours worked and job location for each employee performing covered employment as a construction laborer (or a negative report if no such employment took place), which reports are to be submitted on or before the same due date as provided for contributions owed to plaintiff Boards of Trustees of the ERISA benefit funds.  In accordance with the Agreement, the defendant employer is also obligated to withhold from the basic wages of construction laborer employees who have executed a Dues Deduction Authorization form the amount specified under the Agreement for a dues deduction, payable to the plaintiff Union.

Pursuant to the Agreement, the defendant employer, if delinquent in remitting contributions and deductions, is obligated to pay the delinquent amounts as well as interest, liquidated damages, and attorneys' fees and costs.  Based on the defendant employer's alleged failure to remit benefit contributions and deductions to plaintiffs from August 2003 through December 2004, plaintiffs commenced the instant action to collect the delinquent contributions and deductions as well as applicable interest, liquidated damages, costs and fees of collection, and attorneys' fees.

**III.     DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit

   
under the governing law.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 258 (1986).

Irrelevant or unnecessary facts do not preclude summary judgment, even when they are in

dispute.  *See id.*  The moving party bears the initial burden of establishing that there is no genuine

issue of material fact to be decided.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

With respect to any issue on which the moving party does not bear the burden of proof, it may

meet its burden on summary judgment by showing that there is an absence of evidence to support

the nonmoving party's case.  *See id.* at 325.  Once the movant meets this initial burden, the

nonmoving party must demonstrate that there is a genuine unresolved issue for trial.  *See* Fed. R.

Civ. P. 56(e).  Although all inferences must be drawn in favor of the nonmoving party, mere

speculation and conjecture is insufficient to preclude the granting of the motion.  *Western World*

*Ins. Co. v. Stack Oil*, 922 F.2d 118, 121 (2d Cir. 1990); *see also Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (holding that nonmoving party must do more than

merely show "some metaphysical doubt" as to material facts to escape summary judgment).  It is

with these considerations in mind that the Court first addresses plaintiffs' motion for summary

judgment.

**B.    Liability Under ERISA**

Pursuant to 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions

to a multi-employer plan under the terms of the plan or under the terms of a collectively

bargained agreement shall, to the extent not inconsistent with the law, make such contributions in

accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

Further, where the contract between the parties classifies unpaid contributions as trust assets, the

controlling officer of the company is a fiduciary individually liable for a delinquency if he

4

withholds contributions from the plans.  *NYSA-ILA Medical and Clinical Services Fund v. Catucci*, 60 F.Supp.2d 194 (S.D.N.Y. 1999); *LoPresti v. Terwilliger*, 1216 F.3d 34, 40 (2d Cir. 1997) (finding that individual who commingled plan assets with general assets, and used plan assets to pay company creditors, rather than forwarding the assets to the plaintiff funds meant that he "exercise[d] . . . authority or control respecting . . . disposition of [plan] assets, and hence is a fiduciary for purposes of imposing personal liability under ERISA.").

Here, it is undisputed that the defendant company employed individuals who were covered by employee benefit plans and multi-employer plans maintained pursuant to the Agreement. The Agreement required the defendant company to file reports and pay contributions and deductions on behalf of covered employees in a timely manner.  Plaintiffs contend in the complaint that defendants failed to remit the various required contributions and deductions from August 2003 through December 2004.  Though the company, via the affidavit of defendant Gregg Grates, contests the some of the factual allegations in the complaint concerning the amount of contributions owed and the amount and type of costs and damages plaintiffs may collect herein, it does not dispute that it failed to make required contributions and deductions on behalf of employees.  Thus, the defendant company has admitted liability for violating ERISA.  As a further matter, the individually named defendants do not dispute allegations and proof submitted by plaintiffs concerning their exercise of control over the company and alleged plan assets.  Thus the Court finds that defendants Gregg and Vita Grates, as controlling officers of the defendant company, are ERISA fiduciaries personally liable for the delinquencies alleged in the complaint.

**C.      Counterclaims and Affirmative Defenses**

Defendants raise six affirmative defenses and two counterclaims in their answer to

plaintiffs' complaint.  In the first instance, it is not at all clear that any of the alleged defenses asserted by defendants are sufficiently pled with factual specificity or are legally viable. Moreover, even assuming that the defenses are sufficiently pled, defendants failed to provide evidentiary support for them in opposing plaintiffs' summary judgment motion.  For example, after alleging inexplicably "[t]hat the *Plaintiffs* have complied with all appropriate payments with regard to employees that were subject to prevailing wage rates," defendants contend that "there is a full and complete defense to the Plaintiffs' Complaint."  In response to plaintiffs' summary judgment motion, however, while defendants acknowledged making a lump sum payment to plaintiffs for overdue contributions and deductions, they admit monies were still due and owing plaintiffs pursuant to the Agreement.  Thus defendants have failed to demonstrate the factual predicate for the alleged "full and complete defense" to plaintiffs' claims.

Defendants also allege that the Agreement is "void and unenforceable" because it was signed "under duress and by coercion by the various union representatives."  Defendants assert that "execution of the agreements" was "subject to heavy-handed tactics and threats to interfere with Defendants' livelihood."  Notably, defendants do not allege specifically that *plaintiffs* engaged in any threatening or coercive conduct.  Indeed, the harassing acts are alleged to have been committed by various unspecified "union representatives."  Further, nowhere in their answer or papers filed in opposition to plaintiffs' do defendants provide factual averments concerning the nature of any duress or coercion they suffered at the time the Agreement was executed or details regarding the alleged "heavy-handed tactics" and threats allegedly utilized by union representatives.

Defendants assert as a third affirmative defense that plaintiffs' complaint is "premature,"

but provide no factual or legal arguments to support this claim.  Fourth, defendants argue that since Vita and Gregg Grates are corporate officers and plaintiffs have failed to allege any facts upon which they could "pierce the corporate veil," the individual defendants are not liable to plaintiffs.  However, since plaintiffs are not obligated to "pierce the corporate veil" to establish liability against defendants Vita and Gregg Grates as fiduciaries under ERISA, this defense lacks merit.

As a fifth affirmative defense, defendants allege that "plaintiffs made certain promises, guarantees and assurances at the time any agreements were discussed and/or executed."  Nowhere in the answer or opposing motion papers do defendants describe or identify the alleged promises, guarantees or assurances made by plaintiffs.  Even more importantly, defendants fail to explain how any such promises, guarantees or assurances, assuming any were actually made by plaintiffs, negate defendants' admitted failure to make employee contributions and payments in accordance with the Agreement.

Finally, defendants Vita and Gregg Grates assert that due to alleged lack of "privity of contract" between them and plaintiffs, the complaint lacks merit and must be dismissed.  As referenced above, however, ERISA claims are statutory in nature and are not based on contractual obligations.  Moreover, the individually named defendants - who admit that they are corporate officers - have failed to create any questions of material fact concerning their exercise of control over the company and alleged plan assets as demonstrated by plaintiffs.

Defendants also assert two counterclaims herein.  The first alleges again that there is no privity of contract as between the individual defendants and plaintiffs.  Based thereupon, defendants assert that the complaint against Vita and Gregg Grates has no merit and was brought

by plaintiffs for the sole purpose of harassing the individual defendants.  The Court can readily

dismiss this counterclaim as a matter of law since, as referenced above, the alleged lack of privity

of contract is no bar to suing the individual defendants as fiduciaries under ERISA.

In the second counterclaim, defendants assert "plaintiffs have made numerous threats

against the *plaintiffs*."  The Court assumes the foregoing is a typographical error and that

defendants intended to allege that plaintiffs have made numerous threats against them.

Defendants also contend that plaintiffs have commenced prior frivolous lawsuits against

defendants and failed to "abide by assurances" made to defendants prior to execution of

agreements concerning union employees.  Finally, defendants assert that plaintiffs have "breached

their contract" with defendants although nowhere do defendants identify the contract said to have

been breached by plaintiffs.  The Court disagrees with plaintiffs' assessment that this claim must

be dismissed as a matter of law.  *See Nettis v. Levitt*, 241 F.3d 186, 191 (2d Cir. 2001) (court may

not dismiss complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief.").  However, the Court does agree that

the second counterclaim is "so vague or ambiguous" that it requires defendants to provide a

"more definite statement" of the facts and circumstances upon which the claim is based.  See Fed.

R. Civ. P. 12(e).

**D.     Damages**

It appears from the parties' moving papers that the only issues upon which a genuine

dispute exists concern the amount of damages, interest, costs and attorneys fees which are due

and owing plaintiffs herein.  Accordingly, this matter is hereby referred to the Honorable Gustave

J. DiBianco for the purpose of conducting a hearing or soliciting additional affidavits and

documentary evidence, if necessary, pursuant to Rule 55 of the Federal Rules of Civil Procedure, to take an account or to determine the amount of plaintiffs' damages and to prepare and forward to the undersigned a Report and Recommendation regarding the type and amount of such damages, interest, attorneys' fees and costs upon which plaintiffs are entitled to have judgment entered.

**IV.    CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that plaintiffs' motion for summary judgment against defendants insofar as liability for failure to make required contributions and deductions under ERISA is **GRANTED**; and it is further

**ORDERED** that plaintiffs' motion to dismiss defendants six affirmative defenses is **GRANTED**; and it is further

**ORDERED** that plaintiffs' motion to dismiss defendants' first counterclaim is **GRANTED**; and it is further

**ORDERED** that plaintiffs' motion to dismiss defendants' second counterclaim is **DENIED**; and it is further

**ORDERED** that plaintiffs' motion to compel defendants to provide a more definite statement of the second counterclaim pursuant to Fed. R. Civ. P. 12(e) is **GRANTED**;

**ORDERED** that this matter is referred to the Honorable Gustave J. DiBianco for the purpose of conducting a hearing or soliciting additional affidavits and documentary evidence, if necessary, pursuant to Rule 55 of the Federal Rules of Civil Procedure, to take an account or to determine the amount of plaintiffs' damages, interest, attorneys' fees and costs; and it is further

**ORDERED** that Magistrate Judge DiBianco prepare and forward to the undersigned a Report and Recommendation regarding the type and amount of such damages, interest, attorneys' fees and costs upon which plaintiffs are entitled to have judgment entered.

**IT IS SO ORDERED.**

Dated: September 28, 2006

_____
Norman A. Mordue
Chief United States District Court Judge